[No. 16831. Department Two. March 18, 1922.]

MARY VASICSKO, *as Administratrix etc., Appellant,* v.
MIKE KUNDRAK *et al., Respondents.*[1]

APPEAL (272)—RECORD—AFFIDAVITS. Affidavits used in the court below cannot be considered on appeal unless brought up by statement of facts or bill of exceptions.

ACTIONS (27-1)—JUDGMENT (213-1)—CONSOLIDATION—CONCLUSIVENESS—CAUSES BARRED—EXTENT OF RELIEF. Where two actions were consolidated, an order of dismissal with prejudice, disposes of both actions, which are considered as one, and bars another action on either cause.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered November 10, 1920, in favor of the defendants, dismissing an action to recover money belonging to the estate of a decedent. Affirmed.

*H. W. Lueders,* for appellant.

*Lund & Lund,* for respondents.

MAIN, J.—By this action the plaintiff, as administratrix of the estate of Michael Vasicsko, deceased, seeks to recover the sum of $600 and interest thereon. When the action came on for trial, upon motion of the defendants, it was dismissed because the questions here at issue had been determined in another action with which this one had been consolidated. From the judgment of dismissal, the appeal is prosecuted. On

[1]Reported in 205 Pac. 9.

or about the 21st of June, 1918, the defendants here, Mike Kundrak and wife, brought an action against Mary Vasicsko, in her individual capacity, for the purpose of quieting title to a certain five-acre tract of land in Pierce county and for possession thereof. This complaint was answered by admissions and denials and an affirmative defense, in which the defendant alleged, among other things, that she had been regularly appointed the administratrix of the estate of Michael Vasicsko, deceased, and asserted equitable title to the property and prayed for conveyance either to her, as administratrix, or to her and her minor children. There was also a prayer for an accounting. On or about December 12, 1918, the present action was begun by Mary Vasicsko, as administratrix of the estate of her deceased husband, seeking to recover, as above stated, an alleged balance due the estate of $600 and interest. On June 16, 1909, upon motion being made, the court entered an order consolidating the two actions. On the 14th day of June, 1919, an order was entered reciting that the issues in the consolidated action had been settled out of court, and that the action be, and was thereby, dismissed with prejudice. After this order of dismissal was entered, the administratrix, in the action brought by her for the $600 claimed to be due and unpaid, sought to bring that action on for trial, and, upon motion of the defendants, it was dismissed on the ground that all matters and things involved in the action had been determined and disposed of when the order of dismissal was entered in the consolidated action.

The controlling question in the case is whether the dismissal in the consolidated action bars the right of the appellant to further prosecute the present action after it had been consolidated with another action and the judgment of dismissal entered. No statement of

facts or bill of exceptions has been brought to this court. There are in the clerk's transcript certain affidavits, but it has been many times held that such affidavits cannot be considered unless they are brought here by a bill of exceptions or a statement of facts. Taking the record made in the trial court of the two actions, and considering them as one after the order of consolidation was entered, there can be no question but that the judgment of dismissal in the consolidated action would prevent the further prosecution of either of the actions. After the two actions were consolidated they would be considered as one, and all the issues involved in each of the actions would be determined by the judgment of dismissal.

In one action the administratrix was defendant in her individual capacity, in the other she was plaintiff in her capacity as administratrix.

The judgment will be affirmed.

PARKER, C. J., HOLCOMB, MACKINTOSH, and HOVEY, JJ., concur.